**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| Gregory Leeb, | : |
| | : |
| Plaintiff, | : Civil Action No.: 1:11-cv-6964 |
| v. | : |
| | : |
| Penn Credit Corporation; and | : **COMPLAINT** |
| DOES 1-10, inclusive, | : |
| | : |
| Defendants. | : |
| | : |

For this Complaint, the Plaintiff, Gregory Leeb, by undersigned counsel, states as

follows:

## JURISDICTION

1.      This action arises out of the Defendants' repeated violations of, *inter alia,* the Fair

Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. ("FDCPA"), and the invasions of the

Plaintiff's personal privacy by the Defendants and their agents in their illegal efforts to collect a

consumer debt.

2.      Supplemental jurisdiction exists pursuant to 28 U.S.C. § 1367.

3.      Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that the

Defendants transact business in this District and a substantial portion of the acts giving rise to

this action occurred in this District.

## PARTIES

4.      The Plaintiff, Gregory Leeb ("Plaintiff"), is an adult individual residing in

Evanston, Illinois, and is a "consumer" as the term is defined by 15 U.S.C. § 1692a(3).

5.      The Defendant, Penn Credit Corporation ("PCC"), is a Pennsylvania business entity with an address of 916 South 14th Street, Harrisburg, Pennsylvania 17104, operating as a collection agency, and is a "debt collector" as the term is defined by 15 U.S.C. § 1692a(6).

6.      Does 1-10 (the "Collectors") are individual collectors employed by PCC and whose identities are currently unknown to the Plaintiff.  One or more of the Collectors may be joined as parties once their identities are disclosed through discovery.

7.      PCC at all times acted by and through one or more of the Collectors.

## ALLEGATIONS APPLICABLE TO ALL COUNTS

### A.  The Debt

8.      The Plaintiff incurred a financial obligation in the approximate amount of $219.32 (the "Debt") to City of Pittsburg EMS (the "Creditor").

9.      The Debt arose from services provided by the Creditor which were primarily for family, personal or household purposes and which meets the definition of a "debt" under 15 U.S.C. § 1692a(5).

10.     The Debt was purchased, assigned or transferred to PCC for collection, or PCC was employed by the Creditor to collect the Debt.

11.     The Defendants attempted to collect the Debt and, as such, engaged in "communications" as defined in 15 U.S.C. § 1692a(2).

### B.  PCC Engages in Harassment and Abusive Tactics

12.     On August 13, 2011 PCC sent Plaintiff a collection letter (The Notice) concerning

his medical bill. The Notice is attached hereto:

```
LEEB, GREGORY                          DEBTOR ID: C1859364
542 SHERIDAN RD                        SPOUSE NM:
                                       HME PHONE: 847 866 9252
EVANSTON, IL            60202 0000 BALANCE:       219.32

*ACCOUNT NUMBER    PLACE DATE STA SVC DATE   PATIENT NAME        PAYMENTS
 CREDITOR NAME                 SERVICE RENDERED                  BALANCE
-----------------------------------------------------------------------
*1054103            2011/07/07 ACT 2010/07/24                        .00
 City of Pittsburgh EMS           MEDICAL SERVICES               219.32

   Charge               A0427 ALS Level 1 Emergency $650.00
   Charge               A0425 Mileage  $20.00
   Diagnosis            782.0 NUMBNESS/TINGLING
   Diagnosis            729.5 PAIN - ARM


        THIS INFORMATION IS BEING SENT BY A DEBT COLLECTOR. THIS IS AN
        ATTEMPT TO COLLECT A DEBT.  ANY INFORMATION OBTAINED WILL BE
           USED FOR THAT PURPOSE.  IF YOU HAVE ANYQUESTIONS PLEASE
            CONTACT OUR OFFICE AT THE NUMBER LISTED BELOW.

                       COLLECTION DEPARTMENT
                          800-900-1382
```

13.     The Notice failed to contain Plaintiff's rights under the state and federal laws,

including the right to dispute the Debt.

14.     Plaintiff, however, disputed the validity of the Debt and requested that PCC verify

the Debt by means of a written correspondence within thirty (30) days after having received The

Notice.

15.     PCC failed to provide such verification.

**C. Plaintiff Suffered Actual Damages**

16.     The Plaintiff has suffered and continues to suffer actual damages as a result of the

Defendants' unlawful conduct.

17.     As a direct consequence of the Defendants' acts, practices and conduct, the

Plaintiff suffered and continues to suffer from humiliation, anger, anxiety, emotional distress,

fear, frustration and embarrassment.

## COUNT I
## VIOLATIONS OF THE FDCPA - 15 U.S.C. § 1692, *et seq.*

18.     The Plaintiff incorporates by reference all of the above paragraphs of this

Complaint as though fully stated herein.

19.     The Defendants' conduct violated 15 U.S.C. § 1692g(a)(3) in that Defendants

failed to send the Plaintiff a validation notice stating the Plaintiff's right to dispute the Debt

within thirty days.

20.     The Defendants' conduct violated 15 U.S.C. § 1692g(a)(4) in that Defendants

failed to send the Plaintiff a validation notice informing the Plaintiff of a right to have

verification and judgment mailed to the Plaintiff.

21.     The Defendants' conduct violated 15 U.S.C. § 1692g(a)(5) in that Defendants

failed to send the Plaintiff a validation notice stating the Plaintiff's right to request the name and

address of the original creditor.

22.     The foregoing acts and omissions of the Defendants constitute numerous and

multiple violations of the FDCPA, including every one of the above-cited provisions.

23.     The Plaintiff is entitled to damages as a result of Defendants' violations.

## PRAYER FOR RELIEF

**WHEREFORE**, the Plaintiff respectfully prays that judgment be awarded in the

Plaintiff's favor and against the Defendants as follows:

1.  Against the named the Defendants, jointly and severally, awarding the Plaintiff

actual damages;

     2.   Against each of the named the Defendants, awarding the Plaintiff statutory damages;

     3.   Against the named Defendants, jointly and severally, awarding the Plaintiff recovery of the costs of litigation and reasonable attorney's fees ;

     4.   Against the named the Defendants, jointly and severally, awarding the Plaintiff punitive damages in such amount as is found appropriate; and

     5.   Granting the Plaintiff such other and further relief as may be just and proper.

**TRIAL BY JURY DEMANDED ON ALL COUNTS**

Dated: October 3, 2011

Respectfully submitted,

By: __/s/ Sergei Lemberg_____

Sergei Lemberg, Esq.
CT Bar # 425027
LEMBERG & ASSOCIATES L.L.C.
A Connecticut Law Firm
1100 Summer Street, 3rd Floor
Stamford, CT 06905
Telephone: (203) 653-2250
Facsimile:  (203) 653-3424